**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KOFI OBENG-AMPONSAH, | No. 17-55563 |
| Plaintiff-Appellant, | D.C. No. 5:16-cv-01054-R-AFM |
| v. | |
| DON MIGUEL APARTMENTS; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted November 27, 2018[**]

Before:     CANBY, TASHIMA, and FRIEDLAND, Circuit Judges.

Kofi Obeng-Amponsah appeals pro se from the district court's orders

dismissing his action alleging federal and state law claims. We have jurisdiction

under 28 U.S.C. § 1291. We review de novo dismissals under Fed. R. Civ. P.

12(b)(6) and based on the *Noerr–Pennington* doctrine. *Kearney v. Foley &*

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Lardner, LLP*, 590 F.3d 638, 643 (9th Cir. 2009). We vacate and remand.

The district court determined that defendants (other than defendant Genovese) were immune from liability under the *Noerr–Pennington* doctrine because "all of Plaintiff's claims are based on allegations in connection with, and related to, [an] unlawful detainer action [against Obeng-Amponsah]." However, the district court's dismissal under the *Noerr–Pennington* doctrine was erroneous because Obeng-Amponsah alleges wrongful conduct, including discrimination and retaliation, that is distinct from defendants' litigation activity. *See Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 929 (9th Cir. 2006) (under the *Noerr–Pennington* doctrine, "those who petition any department of the government for redress are generally immune from statutory liability for their petitioning conduct"). For the same reason, the district court erred by denying Obeng-Amponsah's motion for leave to file a second amended complaint solely on the basis that he had not alleged facts showing that the *Noerr–Pennington* doctrine did not apply. We therefore vacate the district court's January 6, 2017 order dismissing under the *Noerr–Pennington* doctrine and denying Obeng-Amponsah's motion for leave to amend.

With respect to defendant Genovese, the district court erred by dismissing for failure to state a claim without first providing Obeng-Amponsah with notice of the deficiencies as to his specific claims and without considering whether Obeng-

2                                                            17-55563

Amponsah could allege additional facts in support of his claims. *See Lopez v. Smith*, 203 F.3d 1122, 1127, 1130 (9th Cir. 2000) (en banc) (standard of review; "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." (citation and internal quotation marks omitted)); *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect, [ ] a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). We therefore vacate the district court's April 3, 2017 order dismissing defendant Genovese for failure to state a claim.

On remand, the district could should consider in the first instance defendants' other arguments for dismissal and against leave to amend in the first instance, and, if appropriate, grant Obeng-Amponsah an opportunity to amend his complaint.

Appellees shall bear the costs on appeal.

**VACATED and REMANDED.**